Case 2:11-cv-02596-JGB-E

1  CALDWELL LESLIE & PROCTOR, PC
   BENJAMIN B. AU, State Bar No. 237854
2    *au@caldwell-leslie.com*
   ARWEN R. JOHNSON, State Bar No. 247583
3    *johnson@caldwell-leslie.com*
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California  90017-5524
   T: (213) 629-9040 | F: (213) 629-9022
5
   LEWIS BAACH pllc
6  H. BRADFORD GLASSMAN (admitted *pro hac vice*)
     *brad.glassman@lewisbaach.com*
7  ERIC L. LEWIS
     *eric.lewis@lewisbaach.com*
8  CLAIRE A. DELELLE (admitted *pro hac vice*)
     *claire.delelle@lewisbaach.com*
9  1899 Pennsylvania Avenue, N.W., Suite 600
   Washington, D.C. 20006
10 Telephone: (202) 833-8900
   Facsimile: (202) 466-5738
11
   Attorneys for Plaintiff
12 AHMAD HAMAD ALGOSAIBI &
   BROTHERS COMPANY
13
   [Additional Counsel listed on next page]
14

FILED
CLERK, U.S. DISTRICT COURT

APR  2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

15             **UNITED STATES DISTRICT COURT**

16        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17

18 AHMAD HAMAD ALGOSAIBI &          Case No. CV 11-2596 JBE-E
   BROTHERS COMPANY,
19                                   ~~[PROPOSED]~~ ORDER
                                     GOVERNING THE PROTECTION
20        Plaintiff,                 OF CONFIDENTIAL
                                     INFORMATION
21        v.
                                     The Honorable Jesus G. Bernal
22 GLENN STEWART,

23        Defendant.

24

25

26

27

28

Haig Kalbian (admitted *pro hac vice*)
Mary M. Baker (admitted *pro hac vice*)
D. Michelle Douglas (CA Bar No. 190248)
Aaron Knights (admitted *pro hac vice*)
Kalbian Hagerty LLP
The Brawner Building
888 17ᵗʰ Street, N.W., Suite 1000
Washington, D.C. 20006
Phone:      (202) 223-5600
Facsimile: (202) 223-6625
E-mail:    hkalbian@kalbianhagerty.com
           mmb@kalbianhagerty.com
           mdouglas@kalbianhagerty.com
           aknights@ kalbianhagerty.com

Louis R. Miller, Esq. (CA Bar No. 54141)
Alexander Frid, Esq. (CA Bar No. 216800)
Miller Barondess, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Phone:      (310) 552-4400
Facsimile: (310) 552-8400
E-mail:    smiller@millerbarondess.com
           sfrid@millerbarondess.com

*Attorneys for Defendant Glenn Stewart*

1  Plaintiff Ahmad Hamad Algosaibi and Brothers Company ("AHAB"), and

2 Defendant Glenn Stewart ("Stewart") (collectively, the "Parties"), by their respective

3 undersigned counsel, hereby stipulate and agree as follows:

4  1. For purposes of this Order, "Confidential Information" shall mean

5 information that the producing party in good faith believes meets the following

6 criteria: (a) information that is proprietary in nature, involves trade secrets or trade or

7 business methodology, business plans, financial information, private or personal

8 matters relating to employment or finances, and similar commercial, financial, or

9 personal information which the party so designating has, in fact, treated as

10 confidential, and, (b) the information is not known to the public or otherwise in the

11 public domain. Confidential Information shall immediately cease to be Confidential

12 Information once such information becomes known to the public through the actions

13 of the producing party or is otherwise in the public domain. Confidential Information

14 shall not lose its designation owing to any use in this Litigation or other litigation or

15 any improper disclosure. Confidential Information may be in the form of documents,

16 things, testimony, or otherwise, designated in writing, or orally in officially reported

17 proceedings, as "Confidential" by the party (including without limitation, any third

18 party) disclosing such information (hereinafter the "disclosing party"), whether such

19 disclosure be voluntary or otherwise made.

20  2. Confidential Information is limited to information which is: (a) disclosed

21 or produced, or to be disclosed or produced, by the Parties in response to discovery

22 requests served in the above-captioned case; (b) designated in good faith by the

23 Parties as "Confidential" in accordance with the definition of Confidential

24 Information provided above; and (c) not otherwise known to or in the possession of

25 the parties or available from the public record.

26  3. Documents are designated as Confidential Information by placing or

27 affixing on them (in a manner that will not interfere with their legibility)

28 "CONFIDENTIAL" or other appropriate notice. A party that inadvertently fails to

-1-

1   designate an item as "Confidential" at the time of production may correct its failure
2   in writing within 10 business days of discovery of the omission by the Producing
3   Party. For the purposes of this process, documents may be identified by document
4   control numbers. A party may also designate as "Confidential" any portion of or all
5   testimony provided during a deposition or other proceeding in connection with the
6   above-captioned case. To avoid interrupting deposition testimony, the parties shall
7   make any "Confidential" designations within 10 business days of receipt of the
8   transcript. The parties will treat the entire transcript as Confidential until the
9   expiration of this 10-day period.

10       4.    Either AHAB or Stewart may at any time object to the designation of a
11   document or information as Confidential Information by giving written notice to the
12   producing party and identifying the basis of the objection.

13       (a)    If the Parties cannot resolve the objection within ten (10) business days
14   after the time the notice of the objection is received, it shall be the obligation of the
15   party objecting to the Confidential designation to file, within 15 (15) business days of
16   the written notice of objection, an appropriate motion requesting that the Court-
17   Appointed Special Master Hon. Richard A. Levie (Ret.) ("Special Master") determine
18   whether the disputed information should be treated as confidential pursuant to this
19   Order. If the objecting party fails to file such a motion within ten (10) business days,
20   the objection to the designation of the document or documents as Confidential shall
21   be deemed irrevocably waived.

22       (b)    If such a motion is timely filed, the disputed information shall be treated
23   as Confidential under the terms of this Order until the Special Master rules on the
24   motion or, if applicable, until the Court rules on the Special Master's report and
25   recommendation, whichever is later.

26       5.    This Order applies to Confidential Information disclosed or produced by
27   the Parties in accordance with Paragraph 2, in any form or format whatsoever.

28

-2-

1    6.    All Confidential Information received by the Parties pursuant to
2  Paragraph 2 shall be retained by their respective undersigned counsel as confidential
3  and proprietary in all respects.  Confidential Information received by the Parties shall
4  not be used for any purpose except in this proceeding.  Any party, however, may
5  move the Special Master for permission to use Confidential Information in other
6  proceedings related to this action upon a showing that such use is premised upon good
7  cause and the need for such use cannot be satisfied by using publicly-available
8  information or information in the possession or control of the party seeking to use the
9  Confidential Information.  Neither the Parties nor their undersigned counsel shall use
10  Confidential Information for any other purpose, including without limitation any
11  business or commercial purpose, or in communications with the media, the general
12  public, or other persons, except as provided herein.

13    7.    Neither the Parties nor their undersigned counsel shall, directly or
14  indirectly, by any means whatsoever, disclose the Confidential Information to any
15  person except that disclosures may be made in the following circumstances:

16    a. Disclosure may be made to counsel for the parties, as well as employees of
17  counsel for the parties who have direct functional responsibility in relation to this
18  proceeding.  Any such employee to whom counsel for the parties makes a disclosure
19  shall be provided with a copy of, and become subject to, the provisions of this Order
20  requiring that the documents and information be held in confidence.

21    b. Disclosure may be made only to employees of a party required in good
22  faith to provide assistance in the conduct of the litigation in which the information
23  was disclosed.

24    c.  Disclosure may be made to court reporters engaged for depositions and
25  those persons, if any, specifically engaged for the limited purpose of making
26  photocopies of documents.  Prior to disclosure to any such court reporter or person
27  engaged in making photocopies of documents, such person must agree to be bound
28  by the terms of this Order.

-3-

1        d. Disclosure may be made to consultants, investigators, interpreters,
2  translators or experts (hereinafter referred to collectively as "experts") employed by
3  the parties or counsel for the parties to assist in this proceeding.  Prior to disclosure
4  to any expert, the expert must be informed of and agree in writing to be subject to
5  the provisions of this Order requiring that the documents and information be held in
6  confidence;

7        e. Disclosure may be made to comply in accordance with Paragraph 9 below;
8  and

9        f. Disclosure may be made if there is prior written consent provided by the
10  Producing Party's counsel.

11        g. Subject to Paragraph 8 below, any deponents, witnesses, or potential
12  witnesses in this action;

13        8.     Before disclosing any Confidential Information to any person granted
14  access to the Confidential Information as specified above (each, a "Recipient"):
15  AHAB or Stewart, as the case may be, by their respective counsel, shall advise such
16  Recipient of the confidential nature of the information, shall provide to such
17  Recipient a copy of the  Order and shall advise such Recipient that he or she may not
18  use any Confidential Information except for the limited purposes permitted by the
19  Order and may not disclose such Confidential Information except in strict compliance
20  with the.  No Recipient shall reveal or disclose any Confidential Information to any
21  person who is not entitled to receive Confidential Information under the.

22        9.     If a party or its counsel is properly served with or receives a valid
23  subpoena, order, document request or demand, or compulsory process issued or
24  served by a court, tribunal, agency, or governmental entity, or by or on behalf of any
25  party in any action or proceeding (herein, a "Demand"), and such Demand seeks
26  Confidential Information designated as such by the other party, the party receiving the
27  Demand shall give written notice to the producing party, pursuant to Paragraph 14
28  below, within at least three (3) business days of receipt, furnishing the producing

1   party a copy of such Demand.  If the time stated for production of the documents is
2   sooner than those 3 business days, the notice shall be made as soon as possible and as
3   far in advance of the date of production so as to give the other side time to respond.
4   The party subject to the Demand shall timely set forth the existence of this Order as
5   an objection to the immediate production of the requested Confidential Information
6   and shall not produce the requested materials until at least the 14th business day after
7   having given notice to the producing party if such time is permissible under the
8   Demand.  Once timely notice has been provided, the party subject to the Demand is
9   not required to challenge or appeal any demand for production of confidential
10  information or to subject itself to any penalties for non-compliance, and the burden of
11  obtaining an order or agreement precluding such production shall fall exclusively on
12  the producing party.  Each party hereby expressly waives any objection or opposition
13  to the other party's intervention or motion to asserting the confidentiality of its
14  information in these circumstances.  The producing party shall have 14 business days
15  or the number of days remaining in which the receiving party is required to comply
16  with the Demand, whichever is shorter, to seek relief from this Court or from the
17  appropriate authority in the jurisdiction issuing the Demand.  If a motion or other
18  appropriate request for relief is not filed within the time period specified, the
19  producing party may produce the material required by the Demand.  A timely-filed
20  objection, however, shall have the effect of staying the receiving party's obligation to
21  comply with the Demand until the motion or request is adjudicated.

22      10.     The Parties and their respective undersigned counsel shall take all steps
23  reasonably required to protect the confidentiality of the Confidential Information;
24  including, wherever possible, filing all such materials under seal and/or otherwise in a
25  manner consistent with maintaining the confidentiality of the information.

26      11.     Nothing in this Order shall require, or be construed to require, the Parties
27  to produce any document or information that is subject to the attorney-client
28  privilege, attorney work product doctrine or any other privilege, immunity or other

1 basis on which such document or information may be withheld from production

2 including, but not limited to, information subject to 31 U.S.C. § 5318(g), 12 C.F.R. §

3 21.11, 12 C.F.R. § 103.18, 12 C.F.R. § 208.62, or 12 C.F.R. § 353.3 ("Protected

4 Information"). By entering into this Order, the Parties do not intend to waive, and do

5 not waive, any or all privileges or other rights they possess or may possess with

6 respect to the Confidential Information.

7     12.    Inadvertent disclosure and/or production of Protected Information does

8 not waive the applicability of such privilege or doctrine either generally or relative to

9 the Protected Information. Nor does disclosure of Protected Information, inadvertent

10 or otherwise, in connection with this litigation or other proceedings constitute a

11 waiver in any other federal or state proceeding or waiver as to third parties. If a

12 receiving party becomes aware that a document is privileged, the receiving party shall

13 immediately refrain from reviewing the document further and shall promptly inform

14 the producing party of the existence of the document and, if requested, promptly

15 return or destroy the document including any copies.

16     13.    If a producing party discovers at any time that it has inadvertently

17 disclosed Protected Information, it may request that the receiving party return such

18 documents, and the receiving party shall promptly comply with such request. The

19 original documents shall be returned and no copies shall be made of any inadvertently

20 disclosed materials. Upon being notified of the applicable Bates numbers, the

21 receiving party will promptly destroy or remove access to all electronic versions of

22 the document, and destroy any notes or memoranda concerning the privileged

23 information. In no case shall either party permit a third party to obtain or retain a

24 copy of any privileged document.

25     14.    Within 15 business days after requesting return of any inadvertently

26 disclosed document(s), the producing party shall provide a supplemental privilege log

27 that specifically identifies each of the inadvertently disclosed document(s), and

28 discloses all persons to whom the document has been disclosed at any time. If the

1  receiving party disagrees with the claim of privilege or work-product protection as to

2  an inadvertently disclosed and/or produced document, the receiving party may seek

3  relief from the Special Master within 60 days after the request for return is made, and

4  the producing party shall make the document available to the Special Master for *in*

5  *camera* inspection.  The parties acknowledge that issues of privilege may also arise

6  under foreign law and/or may be litigated in foreign proceedings.  Nothing in this

7  paragraph is intended to affect any party's right to claim privilege or work-product

8  protection in the foreign proceedings, or any counter argument or argument of waiver

9  in respect of any such claim.

10      15.     Each party reserves its rights to seek further protection or a

11  determination by this Court regarding the Confidential Information or Protected

12  Information, and neither the execution of this Order nor the production of any

13  Confidential Information or Protected Information pursuant to it shall be construed as

14  a waiver of such rights.

15      16.     All notices, demands and other communications that are required or

16  permitted to be provided pursuant to this Order (each, a "Notice") shall be: (a) in

17  writing, (b) sent by electronic mail coupled with either (i) hand delivery or (ii) next

18  Business Day delivery via Federal Express or other recognized overnight courier

19  service, and (c) deemed effective on the first Business Day after the Notice was sent.

20  Notices shall be sent to the Parties' respective undersigned counsel at the addresses

21  identified below.

22      17.     Upon the termination of this action, including all appeals, whether by

23  decision, lapse of time or otherwise, the Receiving Party will return to the Producing

24  Party or destroy all copies of "Confidential" documents and information received

25  herein, although the parties agree that the Receiving Party's attorneys may retain

26  copies of the "Confidential" documents or information after the close of the case,

27  solely for the purpose of retaining a file copy and they must certify in writing that all

28  other copies have been destroyed or returned and also provided that such documents

1   are retained in a manner designed to ensure continuing confidentiality.  This Court

2   shall retain jurisdiction over the subject matter of this Order.

3       18.    This Order may be amended or modified by the Court as it deems

4   appropriate or required in the interests of justice.

5

6   **IT IS SO ORDERED.**

7   Dated:   4/2/13 _____

8                                    The Honorable ~~Jesus G. Bernal~~
                                     ~~United States District Court Judge~~
9                                    Charles F. Eick
                                     United States Magistrate Judge
10

11
     Prepared By:
12

13   LEWIS BAACH pllc

14   H. BRADFORD GLASSMAN (admitted *pro hac vice*)

15   ERIC L. LEWIS (admitted *pro hac vice*)
     CLAIRE A. DELELLE (admitted *pro hac vice*)
16

17   By _____/s/_____
        H. BRADFORD GLASSMAN (*admitted pro hac vice*)
18

19   Attorneys for Plaintiff AHMAD HAMAD
     ALGOSAIBI & BROTHERS CO.
20

21   KALBIAN HAGERTY, LLP

22   By _____/s/_____
        HAIG V. KALBIAN (admitted *pro hac vice*)
23   Mary M. Baker (admitted *pro hac vice*)
     D. Michelle Douglas (CA Bar No. 190248)
24   Aaron Knights (admitted *pro hac vice*)

25   Attorneys for Defendant GLENN STEWART

26

27

28

                                    -8-